```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARSEN KASHKASHIAN, JR.             :
                                   : CIVIL ACTION
        v.                         :
                                   : No. 14-4867
JOHN J. SHANAHAN, JR.              :
```

**MEMORANDUM**

**JOYNER, J.**                                            **NOVEMBER 5, 2014**

This is an appeal from the Order entered by the U.S. Bankruptcy Court for the Eastern District of Pennsylvania on July 10, 2014. Adversary Proceeding No. 92-2312, Doc. No. 65. For the reasons set forth below, we do not have jurisdiction to entertain this appeal and it must be dismissed. An Order follows.

**I. BACKGROUND**

In 1992, Appellee/Plaintiff John J. Shanahan, Jr. obtained a judgment against Appellant/Defendant Arsen Kashkashian, Jr. in an adversary proceeding in the Bankruptcy Court for the Eastern District of Pennsylvania. Adv. Doc. Nos. 11, 12[1]. In 2011, the Bankruptcy Court entered a judgment in revival for Shanahan, with continued accrual of post-judgment interest. Adv. Doc. No. 40. Presently, it appears that the majority of the judgment has not

---

[1] All citations to docket entries in Adversary Proceeding No. 92-2312 will follow this format. Citations to entries on this appeal docket will follow the standard "Doc. No. #" format.

been collected. Adv. Doc. No. 43 at 3; Adv. Doc. No. 55-4 at 2 of 5.

In May of 2014, Shanahan filed a Motion for Supplementary Relief in Aid of Execution with the Bankruptcy Court. Adv. Doc. No. 43. In that Motion, Shanahan alleged that Kashkashian had avoided the judgment against him by transferring virtually all of his assets into a sham trust. Id. at 3-10. Shanahan asked the Court to declare the trust a sham and find that the trust's assets were in fact owned by Kashkashian and thus subject to execution. Id. at 10-11.

Counsel for Shanahan (David E. Jokelson, Esq.) certified that the Motion was served on Kashkashian's counsel (John Franklin, Esq.) through the Court's Electronic Case Filing System ("ECF"). Id. at 12 of 12. Shanahan subsequently filed two notices on ECF informing Kashkashian and Franklin that the Motion for Supplementary Relief had been filed, and that a hearing on the Motion was scheduled for June 19, 2014. Adv. Doc. Nos. 44, 45. Again, the notices included a certificate of service signed by Mr. Jokelson indicating that the notices had been served on Mr. Franklin via ECF. Adv. Doc. No. 44 at 3 of 3, Adv. Doc. No. 45 at 3 of 3.

On June 16, 2014, Shanahan notified the Court that no response to the Motion had been filed, and asked the Court to

grant the Motion as uncontested. Adv. Doc. No. 46-2. At the hearing held on June 19, 2014, neither Kashkashian nor Franklin appeared to contest the Motion. Adv. Doc. No. 50 at 1. The Motion was thus deemed to be uncontested, and on June 20, 2014 the Bankruptcy Court entered an Order (the "June 20 Order") granting Shanahan's Motion. Id. at 1-2. The Order (1) declared the trust to be a sham; (2) declared all the purported trust's assets to be property owned by Kashkashian; (3) declared that all transfers to the purported trust were void; (4) enjoined Kashkashian from dissipating or transferring any of the purported trust's assets; and (5) commanded Kashkashian to deliver to the U.S. Marshals Service all property purportedly owned by the trust. Id.

On July 2, 2014 Kashkashian filed a Motion for Reconsideration of the June 20 Order. Adv. Doc. No. 55. In that Motion, Kashkashian's sole argument for reconsideration was that neither he nor his counsel had received notice of Shanahan's motion, the response deadline, or the hearing. Id. Included with the reconsideration motion as Exhibit C was Kashkashian's response to Shanahan's Motion for Supplementary Relief, whereby he denied many of Shanahan's claims regarding the validity of the trust. Doc. No. 55-4. Kashkashian also filed a request for an expedited hearing on his Motion for Reconsideration (Adv. Doc.

No. 54), which the Court promptly granted (Adv. Doc. No. 56), setting the hearing for July 7, 2014.

We do not have access to a transcript of that hearing, but after it was completed the Court issued an Order (the "July 7 Order") that stayed enforcement of the June 20 Order "based upon Debtor/Defendant's averment that neither he nor his counsel had received notice of the hearing on Plaintiff's motion for supplemental relief." Adv. Doc. No. 86 at 2-3 of 6; Adv. Doc. No. 60. The Court also continued the hearing on the Motion for Reconsideration until July 21, 2014. Adv. Doc. No. 60. At some point following this hearing it appears that both the Plaintiff and the Court began investigations to determine why the ECF filings had not been received by Kashkashian or Franklin. Adv. Doc. No. 63 at 2 of 4.

Soon after, on July 10, 2014, Mr. Franklin emailed Mr. Jokelson and stated that "it has come to my attention that I did in fact receive the notices from the bankruptcy court. The notices went into my spam box. I cannot in good faith proceed with my pending motions." Adv. Doc. No. 63-1. Mr. Jokelson filed a copy of this email and an accompanying explanation with the Bankruptcy Court soon after. Adv. Doc. No. 63. The Court held a teleconference with the parties later that day where "counsel for Debtor/Defendant acknowledged that he had received the allegedly

4

missing notice and stated that he would withdraw the Motion To Reconsider." Adv. Doc. No. 86 at 3 of 6. After the teleconference, the Court entered an Order (the "July 10 Order") which vacated the July 7 Order, thus effectively reinstating the June 20 Order. Adv. Doc. No. 65.

Despite representations to the Plaintiff and the Court, Kashkashian did not withdraw the Motion for Reconsideration, but instead appealed the July 10 Order, bringing the matter before this Court. Adv. Doc. No. 67.

Subsequent to the filing of the appeal, several events occurred in the adversary proceeding that shed further light on this matter. On July 28, 2014, Shanahan filed a motion pursuant to Federal Rule of Appellate Procedure 10(e) to modify certain docket entries to "reflect the withdrawal of Defendant's Motion for Reconsideration." Adv. Doc. No. 69 at 3 of 9. Shanahan's primary argument in this motion was that Kashkashian had represented to both Shanahan and the Court that the reconsideration motion had been withdrawn, and for the purposes of the instant appeal, the record should reflect that withdrawal. Id. at 3-7 of 9.

Kashkashian opposed the motion. Though Kashkashian admitted that his counsel had made representations regarding a withdrawal of the reconsideration motion, he stated that the issues raised

in Exhibit C of that motion regarding the validity of the trust remained unresolved. Adv. Doc. No. 77 at 2 of 3. As such, Kashkashian refused to withdraw the Motion. Id.

On August 11, 2014, after a telephonic hearing, the Bankruptcy Court denied Shanahan's motion. The Judge stated in a later explanation that he "denied Plaintiff's motion because my recollection of the unrecorded July 10 telephone conference was that Debtor/Defendant's counsel had stated that *he would withdraw* the Motion To Reconsider, as opposed to Plaintiff's recollection that he had said *he thereby withdrew* his Motion To Reconsider." Adv. Doc. No. 86 at 4 of 6 (emphasis added). Thus the Court determined that the reconsideration motion had never been withdrawn, and remained pending. Id.

At that same hearing, the parties asked the Court how it would handle the resolution of the pending reconsideration motion. Id. The Court held that Kashkashian's notice of appeal had divested it of jurisdiction over the issue and it thus had no power to decide the reconsideration motion while this appeal was pending. Id. at 4-6 of 6. Consequently, the motion remains unresolved.

**II. JURISDICTION**

Prior to addressing the issues raised by Kashkashian we must first determine whether we have jurisdiction over this appeal.

This is true not only because Shanahan has challenged our jurisdiction, but also because when sitting in our appellate capacity we must make our "own assessment to determine whether appellate jurisdiction exists." In re Columbia Gas Sys., Inc., 146 B.R. 106, 110 (D. Del. 1992), aff'd, 50 F.3d 233 (3d Cir. 1995); see also N.J. Carpenters & the Trs. Thereof v. Tishman Const. Corp. of N.J., 760 F.3d 297, 302 (3d Cir. 2014) ("Because subject matter jurisdiction involves a court's power to hear a case we have an independent obligation to determine whether subject-matter jurisdiction exists.") (internal quotation marks omitted).

### A. Finality

Pursuant to 28 U.S.C. § 158(a)(1), this Court has jurisdiction to entertain appeals from "final judgments, orders, and decrees" of the Federal Bankruptcy Courts. The key word of this provision for our purposes is "final." In the traditional civil context, it is well-established that a "final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 269 (3d Cir. 2013) (internal quotation marks omitted). The Third Circuit has explained that "[o]rdinarily, a final decision will have two effects. First, the decision will fully resolve all claims presented to the district

court. Second, after the decision has been issued, there will be nothing further for the district court to do." In re Grand Jury, 705 F.3d 133, 142 (3d Cir. 2012) cert. denied, 134 S. Ct. 63 (2013); see also Aluminum Co. of Am. v. Beazer E., Inc., 124 F.3d 551, 557 (3d Cir. 1997) ("[A]n appellate court must determine whether, at the time it is examining its jurisdiction, there remain unresolved issues to be adjudicated in the district court."). In sum, the order being appealed from must be a "definitive judgment," not a "mere procedural incident in a law suit." Bendix Aviation Corp. v. Glass, 195 F.2d 267, 270 (3d Cir. 1952). The impetus for this finality requirement is "a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." U.S. v. Nixon, 418 U.S. 683, 690 (1974).

In the bankruptcy context, the determination of finality is ordinarily more lax, and we generally address this question "in a more pragmatic and less technical way." F/S Airlease II, Inc. v. Simon, 844 F.2d 99, 103 (3d Cir. 1988). This relaxed interpretation is warranted because bankruptcy proceedings "often are protracted and involve numerous parties with different claims." In re White Beauty View, Inc., 841 F.2d 524, 526 (3d Cir. 1988). For this reason, "delay[ing] resolution of discrete claims until after final approval of a reorganization plan ...

would waste time and resources, particularly if the appeal resulted in reversal of a bankruptcy court order necessitating re-appraisal of the entire plan." Id. But of course this rationale does not apply in individual adversary actions, as is the case here. The Third Circuit has held that in such actions, "the general antipathy toward piecemeal appeals still prevails," and we are to "apply the same concepts of appealability as those used in general civil litigation." Id.

In the instant appeal, it is clear that the Order being appealed from is not final. The July 10 Order did two things: (1) it vacated the July 7 Order which had stayed enforcement of the June 20 Supplementary Relief Order, and (2) it terminated the July 21 hearing on Kashkashian's reconsideration Motion. Adv. Doc. No. 65. Importantly, the July 10 Order did not render any final decision on Kashkashian's then-pending Motion for Reconsideration. Additionally, Kashkashian never withdrew that Motion[2], and the Bankruptcy Court has determined that the Motion

---

[2] Shanahan claims that the Motion for Reconsideration has either been withdrawn by virtue of Franklin's prior representations or "abandoned" in the instant appeal. Doc. No. 6 at v-vi. While we recognize that Appellant's Brief states that the Motion was abandoned, see Doc. No. 9 at 4, the record below also contains ample evidence showing that Kashkashian did not wish to withdraw the Motion, see, e.g., Adv. Doc. No. 77. At best, Kashkashian's position on this matter is unclear. More importantly, it is clear that the Bankruptcy Court did not believe that the reconsideration motion had been withdrawn, as evidenced by its ruling on Shanahan's Motion to Modify and subsequent explanation. See Adv. Doc. No. 86 at 4 of 6. In that explanation, the court provided its recollection that "Debtor/Defendant's counsel had stated that he would withdraw the Motion To Reconsider, as opposed to Plaintiffs recollection that he had said he thereby withdrew his Motion To Reconsider." Id. As such,

is still pending. See Adv. Doc. No. 86. As such, the July 10 Order is more a procedural step on the path towards resolution of the reconsideration motion rather than a final order. The July 10 Order did not "leave[] nothing for the court to do but execute the judgment." In re Grand Jury, 705 F.3d at 142. In fact, the Order rendered no judgment at all — the reconsideration motion remained pending before the Bankruptcy Court, as it still is today. Therefore, as there remain "unresolved issues to be adjudicated" in the Bankruptcy Court, the July 10 Order is not final, and we do not have jurisdiction to entertain this appeal. Beazer, 124 F.3d at 557.

**B. Ineffective Notice of Appeal**

Our lack of jurisdiction is further supported by the nature and substance of Kashkashian's appeal. In examining our jurisdiction, we are to take a practical view and not "exalt form over substance." Schrob v. Catterson, 948 F.2d 1402, 1407 (3d Cir. 1991); see also Nashville, C. & St. L. Ry. v. Wallace, 288 U.S. 249, 259 (1933) ("In determining whether this litigation presents a case within the appellate jurisdiction of this Court, we are concerned, not with form, but with substance"); U.S. v.

---

the court refused to dismiss the reconsideration motion. Id. Given our appellate role in this matter, and the "due regard" we must give to a Bankruptcy Court's fact and credibility determinations, it would be improper to set aside the Court's decision based solely on Kashkashian's inconsistent positions. See Forever Green Athletic Fields, Inc. v. Dawson, 514 B.R. 768, 783 (E.D. Pa. 2014).

10

Agne, 161 F.2d 331, 332 (3d Cir. 1947) (noting that in assessing subject-matter jurisdiction, "the federal courts have regarded substance rather than form and have been guided by practical rather than theoretical considerations") (citing Dobie, Federal Jurisdiction and Procedure 792 (1928)).

It is clear from Kashkashian's briefing with this Court that as a practical matter, his appeal is concerned solely with the June 20 Supplemental Relief Order and not the July 10 Order. Kashkashian's jurisdictional statement explains: "This is an Appeal from the Order of the Bankruptcy Court dated June 20, 2014, and from its second Order dated July 10, 2014 which reinstated the Order of June 20, 2014." Doc. No. 9 at 3. Later, the brief notes in several places that the appeal is being taken from the June 20 Order. See Id. at 4, 7. And most importantly — as our consideration here is primarily concerned with the substance of the appeal — the issues that Kashkashian raises in the briefing relate solely to the merits of the June 20 decision; he raises no concerns as to the validity of the July 10 Order. Id. at 3-7. We can thus safely conclude that Kashkashian is in fact seeking review of the June 20 Order, despite the fact that the notice of appeal references only the July 10 Order.

That being the case, our review of that decision is foreclosed by the fact that Kashkashian's Motion for

11

Reconsideration of the June 20 Order is still pending with the Bankruptcy Court. See Fed. R. Bankr. P. 8002(b); Fed. R. App. P. 4(a). This is because a notice of appeal filed prior to the disposition of a reconsideration motion becomes effective only after "entry of the order disposing of the motion." U.S. v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000) (discussing Fed. R. App. P. 4(a)[3]). In other words, "the order is not appealable until the [lower court] rules on the motion." Graham v. Ferguson, 168 F. App'x 498, 501 (3d Cir. 2006) (citing Fed. R. App. P. 4(a)(4)). As a motion for reconsideration of the June 20 Order is currently pending before the Bankruptcy Court, Kashkashian's appeal is ineffective until that motion has been decided, depriving this Court of jurisdiction.

**III. CONCLUSION**

As we are without jurisdiction to consider this appeal, it

---

[3] Analogy to Appellate Rule 4(a) is proper here as Bankruptcy Rule 8002 "is an adapation" of that rule, and subsection (b) of 8002, which provides the tolling provision, "is essentially the same as Rule (4)(a)(4) of the F.R.App.P." Fed. R. Bankr. P. 8002 Advisory Committee Notes; see also In re Gurst, 88 B.R. 57, 58 (E.D. Pa. 1988) aff'd 866 F.2d 1410 (3d Cir. 1988) (noting the identical nature of the two provisions and using 4(a) to analyze a motion for reconsideration filed in a bankruptcy proceeding); In re Stangel, 68 F.3d 857, 859 (5th Cir. 1995) ("Because Fed.R.App.P. 4(a)(4) directly tracks the language of Rule 8002(b), courts typically look to decisions applying Fed.R.App.P. 4(a) as a guide to applying Rule 8002."); In re Arrowhead Estates Dev. Co., 42 F.3d 1306, 1311 (9th Cir. 1994) ("We have held that we should construe Bankruptcy Rule 802 [now 8002] in the same manner as we do Appellate Rule 4(a).") (alteration in original) (internal quotation marks omitted).

must be dismissed.